IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHANNON PHILLIPS
and JOAN PHILLIPS,

        **Plaintiffs,**

v.                                         Case N0. 2:14-cv-26148

WILBUR THAXTON II,
CHARLES R. GARRETT,
and CYNTHIA H. GARRETT,

        **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is the initial screening of Plaintiffs' *pro se* complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2), and an Application to Proceed Without Prepayment of Fees or Costs. (ECF No. 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Application to Proceed Without Prepayment of Fees and Costs be **DENIED**, the complaint be **DISMISSED**, **with prejudice**, and this matter be removed from the docket of the Court.

## I. Procedural History and Claims

According to the complaint, the defendants filed a lawsuit in state court to quiet title to property allegedly owned by the plaintiffs, Shannon and Joan Phillips. Plaintiffs claim that the defendants are using false paperwork to obtain the property, and they trespass on the land by cutting the grass and invading the mineral rights. (ECF No. 2 at 2). Plaintiffs contend that their constitutional rights are being violated, and they ask the Court for the following relief: "Title quieted restore bundle of rights ... Mineral rights for 15 years ... Punitive damages for pain and suffering." (*Id.*)

This is the second time the plaintiffs have filed an action in this Court seeking relief related to the ongoing dispute over their property. On July 3, 2013, Plaintiffs sued defendant Thaxton and Dan Vriendt, Director of the Charleston Planning Department, claiming that Thaxton was stealing their property and the Planning Department and other municipal entities had "blatantly refused to help solve this problem." (*See Phillips v. Thaxton, et al.,* Case No. 2:13-cv-16975, 2014 WL 1572646 (S.D.W.Va. Apr. 18, 2014). That action was dismissed, with prejudice, on April 18, 2014 for failure to state a claim for which relief may be granted. (*Id.; see also Phillips v. Thaxton, et. al,* 2013 WL 8292680 (S.D.W.Va. Oct. 25, 2013); *Id.,* 2013 WL 8292634 (S.D.W.Va. Aug. 30, 2013).

## II. Initial Screening

Pursuant to 28 U.S.C. § 1915(e)(2), an action proceeding *in forma pauperis* must be dismissed if the Court finds that it "is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is "frivolous" when it lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A case lacks an arguable basis in law when it

relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), and lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328.

Moreover, a complaint fails to state a claim when, viewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint fails to contain enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court explained the "plausibility" standard in *Ashcroft v. Iqbal*, stating:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 544) (internal citations omitted). Thus, "where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 678 (quoting Fed.R.Civ.P. 8(a) (2)). While the Court is required to accept as true the factual allegations asserted in the complaint, it is not required to accept the legitimacy of legal conclusions that are "couched as ... factual allegation[s]." *Id.* (quoting *Twombly*, 550 U.S. at 554).

In the event of a *pro se* complaint, the court must liberally construe the allegations. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a cause of action cognizable in a federal

district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). The court may not rewrite the complaint to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  Discussion

Plaintiffs name Wilbur Thaxton, II, Charles R. Garrett, and Cynthia H. Garrett as defendants in the instant action. They allege that the defendants lack color of title to the property in dispute, but are trying to claim it nonetheless. In addition, Plaintiffs allege that the Garretts wrongfully trespass on the property, which belongs to the Phillips, cutting the grass and invading the mineral rights. (ECF No. 2 at 2). Plaintiffs argue that these actions violate their constitutional rights under the "Bill of Rights, Article II, Section 3-1." (*Id.* at 1).

Title 42 U.S.C. § 1983 provides a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of State law. 42 U.S.C. § 1983. In order to maintain a *prima facie* case under § 1983, a plaintiff must present facts showing that he was (1) deprived of a right secured by the Constitution or laws of the United States, and that (2) the alleged deprivation was committed by a person acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).

Notwithstanding Plaintiffs' alleged constitutional deprivations, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter

how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co.,* 526 U.S. at 50. Here, Plaintiffs make no claim that any of the defendants is a state actor.[1] They do not allege that any one of the defendants is employed by the state, is a state official or agent, or is acting in some capacity under color of state law in relation to the property dispute.[2] (ECF No. 2 at 1). Plaintiffs do not, for example, allege that the defendants conspired with state officials to deprive the plaintiffs of their federal rights*, see Tower v. Glover*, 467 U.S. 914, 920, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984), or offer any other facts to suggest that "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (quoting *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 121 S.Ct. 924, 930, 148 L.Ed.2d 807 (2001)) (internal quotations omitted).

Because Plaintiffs have failed to allege an essential element of a § 1983 claim, the undersigned **FINDS** that their complaint fails to state a claim for which relief may be granted and should be dismissed.

---

[1] Indeed, in *Phillips v. Thaxton, et. al,* 2013 WL 8292634 (S.D.W.Va. Aug. 30, 2013) (adopted 2014 WL 1572646 (S.D.W.Va. Apr. 18, 2014)), the undersigned found that Thaxton was **not** acting under color of state law in his property dispute with the Phillips. Accordingly, the instant complaint against Thaxton is also barred by the doctrine of *res judicata*.

[2] In *Conner v. Donnelly,* 42 F.3d. 220, 224 (4th Cir. 1994), the United States Court of Appeals for the Fourth Circuit described the following situations in which conduct by a private entity would constitute "state action:"

> First, a private party that is regulated by the state acts under color of state law where there is a "sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself. *(citations omitted).* Second a private party acts under color of state law where the State, through extensive regulation of the private party, has exercised coercive power or has provided such significant encouragement that the action must in law be deemed to be that of the state. *(citations omitted).* Finally, a private party acts under color of state law where "the private entity has exercised powers that are 'traditionally the exclusive prerogative of the state.'" *(citations omitted).*

## IV. <u>Proposal and Recommendations</u>

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** the following:

1. The Plaintiffs' Motion to Proceed Without Prepayment of Fees and Costs (ECF No. 1) be **DENIED**; and

2. Plaintiffs' Complaint (ECF No. 2) be **DISMISSED, with prejudice,** and this civil action removed from the docket of this Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Copenhaver and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiffs and any counsel of record.

**FILED:** November 5, 2014.

---

Cheryl A. Eifert
United States Magistrate Judge